**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ERNEST LEON CLEMONS, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 1:12-CV-118 (WLS) |
| : | |
| FERGUSON ENTERPRISES, INC., : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is nonparty Georgia Department of Labor's (hereinafter "GDOL") Motion to Quash Plaintiff's Subpoena Commanding Production of Unemployment Hearing Transcript. (Doc. 19.) For the following reasons, GDOL's Motion to Quash (Doc. 19) is **GRANTED**.

**RELEVANT PROCEDURAL and FACTUAL BACKGROUND**

Plaintiff filed a Complaint in the above-captioned action on August 10, 2012, alleging violations of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.*, and state law claims for negligent retention and/or hiring. (Doc. 1.) Plaintiff recently served on GDOL the subpoena at issue, commanding it to produce the transcript of the administrative hearing dated December 15, 2010, in the case of *Ernest Clemons v. Ferguson Climate Makers*, Docket No. 62103-10. (Doc. 19-2.) On March 22, 2013, GDOL moved to quash the subpoena, asserting that the hearing transcript is confidential under O.C.G.A. § 34-8-121. (Doc. 19.) According to the GDOL, the provisions of § 34-8-121 prohibit the GDOL from releasing the hearing transcript without a Court order finding that "the need for the information or records in the

1

proceeding outweighs any reasons for the privacy and confidentiality of the information or records. (Doc. 19-1 at 2-3.) Plaintiff never responded to the Motion to Quash, and the deadline by which to do so expired on April 12, 2013. (*See* Docket).

## **DISCUSSION**

Generally, parties are entitled to discover information that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence"—that is, such information must be "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "[A] subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies," however, must be quashed or modified by the issuing court on timely motion. Fed. R. Civ. P. 45(c)(3)(A)(iii). The party moving to quash the subpoena bears the burden of establishing that its request should be granted. *Bledsoe v. Remington Arms Co., Inc.*, No. 1:09-CV-69, 2010 WL 147052, at *1 (M.D. Ga. Jan. 11, 2010) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

O.C.G.A. § 34-8-121 states, in part:

> Information . . . obtained from any individual . . . or employer pursuant to the administration of the chapter . . . shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, published, or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity . . .

A violation of this provision is a misdemeanor. O.C.G.A. § 34-8-121(b)(3). O.C.G.A. § 34-8-126, however, carves out an exception to the nondisclosure rules and states that:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings . . . only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records.

Here, Plaintiff has presented no arguments in opposition to GDOL's motion, and thus, the Court does not see how it can make any "finding" in support of Plaintiff's need for the information contained in the hearing transcript, as is required by § 34-8-126. Therefore, in light of Plaintiff's failure to respond to GDOL's Motion to Quash or to show a legal basis for production of the subpoenaed information, GDOL has sufficiently persuaded the Court to grant its Motion to Quash on confidentiality grounds pursuant to O.C.G.A. § 34-8-121.  Accordingly, GDOL's Motion to Quash (Doc. 19) is **GRANTED**. The subpoena served on GDOL (Doc. 19-2) is hereby **QUASHED**.

**SO ORDERED**, this  24th   day of April, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**